WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey James Stoneman,<br><br>                          Plaintiff,<br><br>v.<br><br>Experian Information Solutions Incorporated, et al.,<br><br>                          Defendants. | No. CV-22-00916-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Jeffrey Stoneman's ("Plaintiff") Motion for Attorney Fees. (Doc. 49). Defendant Credit First National Association ("Credit First") has filed a response, (Doc. 50), and Plaintiff has filed a reply, (Doc. 52). The Court now rules.

### I.     BACKGROUND

On May 27, 2022, Plaintiff filed the instant action against three defendants for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1682, *et seq*. (*See generally* Doc. 1). On November 21, 2022, Plaintiff filed a notice that he had accepted an offer of judgment from Credit First, and the Clerk of Court entered judgment accordingly the following day. (*See generally* Doc. 41; Doc. 42). On March 16, 2023, Plaintiff filed a Motion for Attorney Fees from Credit First. (*See generally* Doc. 49). The case has since been dismissed in its entirety pursuant to this Court's order. (*See generally* Doc. 51).

### II.    LEGAL STANDARD

Relevant to this case, the federal rules enable a party defending against a claim to

"serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If accepted, "either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." *Id.*

The District of Arizona's Local Rules govern the procedure for parties to file motions for attorneys' fees when no other statute or federal rule specifies. The Local Rules state the following:

> [U]nless otherwise provided by statute or court order entered in an individual case, the party seeking an award of attorneys' fees and related non-taxable expenses must file and serve a motion for award of attorneys' fees and related non-taxable expenses (along with a supporting memorandum of points and authorities) within fourteen (14) days of the entry of judgment in the action with respect to which the services were rendered.

L.R. Civ. 54.2(b)(2).[1]

### III.  DISCUSSION

#### a. Timeliness of the Motion

The parties agree that the pending motion for attorneys' fees was late. However, Plaintiff argues that when a motion for attorneys' fees is filed late, this Court analyzes whether it is appropriate to extend the time in which to file the motion due to "'good cause' where the party's failure was due to 'excusable neglect.'" (Doc. 52 at 2). Specifically, Plaintiff argues that the Court should consider four factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. (*Id.*).

Plaintiff asserts that he engaged in "attempts to settle the amount of fees and costs without requiring Court-intervention between December 6, 2022, and December 21, 2022." (*Id.* at 3). Plaintiff further states that Credit First "strung Plaintiff along," and that the delay is attributed to "the undersigned's initial attempt to settle the issue" and "a calendaring

---

[1] Judgment with respect to the claim on which fees are now sought was entered on November 22, 2022. Per L.R. Civ. 54.2(b)(2), any motion for attorneys' fees was due within fourteen days of that judgment.

oversight . . . compounded by ongoing, heated negotiations with [another defendant], which were not concluded until March 3, 2023." (*Id.* at 4). Moreover, Plaintiff argues, Credit First will not be prejudiced because the case was not dismissed in its entirety until April 4, 2023. (*Id.*). Finally, Plaintiff argues that because this Court is required to take the FRCA's provisions addressing attorneys' fees at their word, this Court would violate "the spirit of the federal statute governing this action" by denying fees here. (*Id.* at 4–5).

The Court first addresses the four-factor analysis that Plaintiff propounds.[2] As for factors one and two, although the entire action was not dismissed until later, Credit First settled the claim against it 114 days before Plaintiff moved for fees. The Court finds this to be an egregious length of time. *See, e.g.*, *Klein v. Thunderbird Collection Specialists Inc.*, No. CV-20-08092-PCT-DLR, 2020 WL 6383251, at *1 (D. Ariz. Oct. 29, 2020) (finding a motion for attorneys' fees filed "nearly one month late" to be too late). Relatedly, Credit First is presumed to be prejudiced unless Plaintiff provides "a non-frivolous justification for the delay." *Sobhani v. United States*, No. CV 14-6022 RSWL (MANx), 2015 WL 3407702, at *2 (C.D. Cal. May 27, 2015) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998)). The Court acknowledges that the delay had minimal impact on judicial proceedings because proceedings continued against the other defendants irrespective of Credit First's settlement. However, given the extreme length of the delay, the Court finds factors one and two weigh against finding excusable neglect.[3]

As for factor three, the Court finds the reasons Plaintiff gives for the delay to be unpersuasive. Given Plaintiff's failure to request an extension of time throughout the 114 days after judgment was entered, the Court questions Plaintiff's diligence in pursuing negotiations with Credit First. Moreover, by Plaintiff's own admission, Plaintiff did not

---

[2] The Court notes that nearly all of the cases to which Plaintiff cites discuss the excusable neglect analysis in the context of a delayed motion for relief from a judgment, not for attorneys' fees. Although this Court does not believe it is precluded from analyzing a delayed motion for attorneys' fees with the same framework, *see Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir. 1996), the Court finds that because the cases Plaintiff cites contemplate a different procedural issue, Plaintiff's analogical reasoning is less persuasive.

[3] At most, factor one is neutral, with the danger of prejudice to Credit First balancing out the minimal impact on judicial proceedings overall.

- 3 -

begin seeking negotiations until December 6, 2022, the day the motion for attorneys' fees was due. While the Court acknowledges that Plaintiff could not control Credit First's approach to negotiations, Plaintiff certainly could control the date on which Plaintiff began those negotiations and the date on which Plaintiff chose to file a motion, either for fees or for an extension of time, especially given the clarity of the Local Rules' deadline. Thus, the Court finds factor three weighs against finding excusable neglect. As for factor four, the Court finds that even if Plaintiff indeed acted in good faith, the preceding factors weigh so heavily against finding excusable neglect that factor four has little impact on the analysis.

The Court next addresses Plaintiff's argument regarding the "spirit" of the governing federal statute and finds such argument to be similarly unavailing. Plaintiff's substantive entitlement to fees resulting from success in his action is a separate issue from the issue of whether Plaintiff has complied with procedural requirements to obtain said fees. That is, even if Plaintiff should be entitled to fees under the "spirit" of the statute, Plaintiff must follow the procedures laid out to obtain the fees. Plaintiff cannot excuse his failure to comply with clear procedural rules by pointing to the "spirit" of the substantive law.

In sum, this Court did not issue an order altering the deadline for a motion for attorneys' fees, nor did Plaintiff request one. Plaintiff filed his motion 100 days late and attempts to justify this extreme delay by pointing to Credit First's alleged conduct in negotiations between the parties that began after the motion deadline. The Court finds this justification unavailing; thus, the Court denies Plaintiff's motion for attorneys' fees as untimely.

### b. Merits of the Motion

Because this Court holds that Plaintiff's motion was untimely and finds extension of time inappropriate, the Court does not reach the merits of Plaintiff's motion for attorneys' fees.

//

IV. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees, (Doc. 49), is **DENIED**.

Dated this 5th day of January, 2024.

James A. Teilborg
Senior United States District Judge